UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN HINDI,<br><br>          Plaintiff,<br><br>     v.<br><br>EXXONMOBIL OIL CORPORATION, a New York Corporation and DOES 1-100, Inclusive,<br><br>          Defendants. | Case No.  07CV1664 WQH (LSP)<br><br>**ORDER GRANTING JOINT MOTION & PROTECTIVE ORDER**<br><br>Complaint Filed:  July 19, 2007<br><br>Ct. Rm:     4<br>Judge:      Hon. William Q. Hayes<br>M. Judge:   Hon. Leo S. Papas<br>Trial Date:  Not Set |

The parties having filed a joint motion and stipulation, and GOOD CAUSE APPEARING THEREFORE, it is hereby ordered that:

1. This Protective Order shall govern the use and dissemination of all information, documents, and/or materials as may be produced by the parties and/or admitted into evidence during deposition or trial within the above-captioned action.

2. Discovery in this action may involve disclosure of trade secrets, confidential research, development or commercial information, proprietary materials including manuals, business strategies, financial data, client and vendor information, marketing plans, medical information pertaining to any party, confidential employee and salary information, computer software programs, and other confidential, proprietary or non-public business, technical, employee, and financial information.  This Protective Order shall govern the production in this action of all documents or other information through formal discovery procedures, including, without limitation, documents in

written or electronic form produced as initial disclosures, in response to requests for production of documents, answers to special interrogatories, requests for admission, and deposition or other oral testimony (collectively "Discovery Materials").  This may include but shall not be limited to correspondence, memoranda, notes, deposition transcripts and exhibits, business plans, training materials, policies and procedures, financial records, personnel records, marketing materials, third-party contracts, sales invoices and other sales information.

3. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order or the production of any information or documents under the terms of this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party on the merits of this action.

4. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of any information in its own documents and materials.

**CONFIDENTIAL INFORMATION:**

5. Any document, thing, material, testimony, or other information derived there from, and any other form of evidence which, in the good-faith opinion of the party providing such discovery material ("Producing Party"), contains any trade secret or other confidential or proprietary information or any information that involves privacy concerns regarding any third party, any party or the employee, officer, director or representative of a party may be designated by the Producing Party as "CONFIDENTIAL INFORMATION."  Confidential Information, designated as such in accordance with this Protective Order, shall be used by the party who has propounded the discovery request seeking the Confidential Information ("Requesting Party") only for the purposes of preparation of this matter for trial and may be disclosed or made available only to persons specified in paragraph 8 herein.

6. Confidential Information may be identified and made subject to this Order as follows:

   a. with respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential Information appears with the legend "CONFIDENTIAL. SUBJECT TO PROTECTIVE ORDER:"

1       b.      testimony or information disclosed at a deposition, conference or hearing may
2 be designated by a party as Confidential Information by indicating on the record at the deposition,
3 conference or hearing the specific testimony which contains Confidential Information that is to be
4 made subject to the provisions of this Order.  Alternatively, a party may designate testimony or
5 information disclosed at a deposition or other proceeding as Confidential Information by notifying
6 all parties in writing within thirty (30) days of receipt of the transcript (or within a shorter time as
7 agreed by the parties in the event the deposition transcript or information cannot be received thirty
8 (30) days prior to a hearing or conference, at which a party intends to use the transcript or
9 information), of the specific pages and lines of the transcripts that are to be designated Confidential
10 Information.  Each party shall attach a copy of such written statement to the face of the transcript
11 and each copy thereof in its possession, custody or control.  Whether or not designation is made at
12 the time of a deposition or other proceeding, all depositions or other transcripts shall be treated as
13 Confidential Information from the taking of the deposition or other proceeding until within thirty
14 (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the
15 deposition transcript or information cannot be received thirty (30) days prior to a hearing, or
16 conference at which a party intends to use the transcript or information), or until receipt of the notice
17 referred to in this paragraph, whichever occurs sooner;

18       c.      in the case of responses to interrogatories, responses to other discovery
19 requests, affidavits, briefs, memoranda or other papers filed with the Court, information contained
20 therein may be designated as Confidential Information by prominently marking such papers
21 "CONFIDENTIAL;"

22       d.      tangible objects may be designated as Confidential Information by affixing the
23 object or its container a label or tag marked "CONFIDENTIAL.  SUBJECT TO PROTECTIVE
24 ORDER."

25   7.  Notwithstanding the foregoing, any employee, agent, advisor, representative or
26 person affiliated with a party who is not qualified to receive Confidential Information under
27 Paragraph 8 herein may attend a deposition or other proceeding at which Confidential Information
28 may be disclosed.  In such event, a party seeking to designate Confidential Information must

1  designate the specific testimony or information containing Confidential Information by indicating on
2  the record at the deposition or other proceeding that such Confidential Information is subject to the
3  provisions of this Order.  The party making such designation shall have the right to exclude such
4  persons from the deposition or other proceeding only during the period any Confidential Information
5  is disclosed or discussed.

6        8.      Confidential Information produced pursuant to this Order to Requesting Party may be
7  disclosed or made available by that party only to:

8        a.      the Requesting Party (and their officers, directors, managing agents or other
9  representatives who are engaged in or are assisting in the preparation of this action for trial or other
10 resolution, except as otherwise provided herein) provided that it has executed this Protective Order:
11       b.      the Court and its officers, any special master, referee or mediator authorized to
12 act in this proceeding;
13       c.      counsel of record in this action and their employees or employee equivalents
14 (e.g., contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this
15 action for trial or other resolution;
16       d.      independent experts or consultants retained by counsel or the Requesting
17 Party with respect to preparation of this action for trial or other resolution, and their employees or
18 employee equivalents who are assisting such experts or consultants with respect to the preparation of
19 this action for trial or other resolution;
20       e.      court reporters and their staff, to the extent necessary to perform their duties;
21       f.      a witness at any deposition or other proceeding in this action; and
22       g.      any other person to whom the parties agree in writing.

23 **ATTORNEYS' EYES ONLY:**

24       9.      Any Producing Party may further designate certain discovery material or testimony
25 which contains financial information and/or corporate ownership information of a highly
26 confidential and/or proprietary nature or employee information of a highly confidential or private
27 nature such as employee disciplinary matters, salary information and/or other private information as
28 "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 1 through 6, above, except

1  that the applicable legend for such information shall be: "ATTORNEYS' EYES ONLY." SUBJECT
2  TO PROTECTIVE ORDER."  Attorneys' Eyes Only Material, and the information contained
3  therein, shall be disclosed only to the Court, counsel for the Requesting Party (including the
4  paralegal, clerical, and secretarial staff employed by such counsel) to the above-captioned litigation,
5  and other persons identified in paragraph 8(d) above but shall not be disclosed to the Requesting
6  Party itself, or to an officer, director or employee of Requesting Party, or anyone else unless
7  otherwise agreed to in writing or ordered.  The procedures regarding disclosure of Confidential
8  Material at a deposition set forth in paragraph 6(b) shall apply to Discovery Material designated
9  under this paragraph.

10 **GENERAL PROVISIONS:**

11     10.     Material designated under this Order, the information contained therein, and any
12 summaries, copies, abstracts, or other documents derived in whole or in part from designated
13 Confidential Information or Attorneys' Eyes Only, shall be used only for the purpose of the
14 prosecution, defense, or settlement of this action, and for no other purpose.

15     11.     A copy of this Protective Order shall be served with any subpoena or deposition
16 notice compelling the production of documents or information from any third party.

17     12.     A condition precedent to disclosure of any Confidential or Attorneys' Eyes Only
18 Information to any experts or consultants as provided for in paragraph 8(d) or any Confidential
19 Information to any witness provided for pursuant to paragraph 8(f) or the person whom the parties
20 agree may receive information under paragraph 8(g) is that person must: acknowledge receipt of this
21 Order; agree to be bound thereby; agree to use such information and materials solely for this
22 litigation; agree not to disclose any such information or materials to any other person, firm, or
23 concern; and agree never to use the information, directly or indirectly, in competition with the party
24 that disclosed it nor allow any other person to do so.

25     Each expert or consultant to whom Confidential or Attorneys' Eyes Only Information is to be
26 provided pursuant to paragraph 8(d), each witness to whom Confidential Information is to be
27 provided pursuant to paragraph 8(f) and each person to whom the parties may agree pursuant to
28

paragraph 8(g) shall execute a declaration acknowledging the foregoing in the form set forth as follows:

### ATTACHMENT A

### AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered in <u>Mazen Hindi v. ExxonMobil Oil Corporation</u>, United States District Court for the Southern District of California, Case No. 07CV1664 WQH (LSP).  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____          _____
                                Signature
                                _____
                                Print Name

13.     Counsel for the party obtaining a person's signature to Attachment A shall retain the original signed and dated acknowledgment.

14.     If another court or administrative agency subpoenas or orders production of Confidential or Attorneys' Eyes Only Information that a party has obtained under the terms of this Protective Order such party shall, if there are fewer than ten (10) days to comply, within two (2) days, if possible, or immediately, if not, or if there are more than ten (10) days to comply, at least seven (7) court days prior to the due date for compliance, notify the Producing Party of the pendency of the subpoena, public records request, or order, in writing, and shall not produce the designated information until the Producing Party has taken appropriate steps to protect the material.  It shall be the responsibility of the Producing Party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the Producing Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

1  15. All documents and materials filed with the Court in matters related to discovery motions or proceedings, including, but not limited to, deposition transcripts, exhibits, discovery responses, briefs or memoranda, which comprise or contain Confidential or Attorneys' Eyes Only Information shall be filed with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable rules of Court, on which shall be endorsed the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED _____."

16. In all matters other than discovery motions or proceedings, the party seeking to submit Confidential or Attorneys' Eyes Only Information will lodge any documents or materials which comprise or contain Confidential or Attorneys' Eyes Only Information with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable rules of Court, on which shall be endorsed the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are "LODGED CONDITIONALLY UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED _____." That party shall personally serve the opposing party with the lodged documents on the date of any lodgment. The party will either contemporaneously move to seal these records or provide written notice to the Producing Party that it does not intend to bring such a motion. The party that designated the Confidential or Attorneys' Eyes Only Information will then have 10 court days to seek an order of the Court, or an order extending time to seek the same, that these documents or material be filed under seal. Any motion to seal shall comply with all applicable rules of Court. If the party who initially designated the Confidential or Attorneys' Eyes Only Information does not object to its being filed in the Court's public record, it will notify counsel for the opposing party. Upon such notification, or if no notification is provided within the time set forth above, the filing party may then file with the Court the documents or material previously lodged.

17. Confidential or Attorneys' Eyes Only Information obtained from a Producing Party pursuant to pretrial discovery in this action, may be used and disclosed only for purposes of this action. No person or party shall make any other use of any such Information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a Court order.

18. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential or Attorneys' Eyes Only Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like.

19. Any party may object to the designation of particular Discovery Materials as Confidential or Attorney's Eyes Only by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with reasonable specificity the Discovery Materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. The Producing Party shall have the responsibility, within twenty (20) calendar days of the date of mailing of the written notice objecting to a designation, to apply to the Court for a determination of the issue. Until the Court rules on the motion, Discovery Materials shall continue to be treated and designated as Confidential or Attorneys' Eyes Only. If, however, the Producing Party fails to make such a motion, the designation of Confidential or Attorneys' Eyes Only will be deemed withdrawn.

20. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential Information or Attorneys' Eyes Only shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

21. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

22. Within sixty (60) days after receipt of a request from the Producing Party, made within one hundred twenty (120) days after the time for all possible appeals in the above-captioned action has expired, all documents, objects, and other materials produced or designated as Confidential or Attorneys' Eyes Only, including any summaries and copies thereof, shall be returned to the Producing Party. Insofar as the provisions of this and any other protective orders entered in this action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Order(s).

23. This Order has been entered to facilitate discovery and production of relevant evidence in this action. Neither the entry into this Order nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

24. This Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

25. This Protective Order shall not apply to the introduction or presentation of evidence at the trial of this matter. The parties agree to meet and confer regarding a procedure at trial for maintaining the confidentiality of Confidential and Attorneys' Eyes Only information and, if necessary, seek the Court's assistance for the same.

26. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

27. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show

1  that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John
2  Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be
3  filed simultaneously.
4       IT IS SO ORDERED.
5
6  Dated:    November 15, 2007

8                                                By:
                                                 U.S. DISTRICT COURT JUDGE